IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 08-375-02 |
| | : | |
| vs. | : | |
| | : | |
| | : | CIVIL ACTION |
| BRUCE GREGGS | : | NO. 11-6997 |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                             June  7, 2012

On October 26, 2009, Bruce Greggs pleaded guilty to Counts Two and Five of a federal indictment which charged him with distribution of five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(B).  These counts alleged that Mr. Greggs distributed twenty-six and forty grams of cocaine base, respectively, in Easton, Pennsylvania, from April 2006 through December 2006.  In addition, the government withdrew Count One of the indictment which charged Mr. Greggs with conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846.  In November 2010, he was sentenced to the mandatory minimum of 120 months' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).

Mr. Greggs filed a motion pursuant to 28 U.S.C. § 2255, seeking resentencing based on the implementation of the Fair Sentencing Act of 2010, which amended the threshold quantities of cocaine base that trigger mandatory minimum sentences under federal law.  The Act, which was aimed at reducing sentencing disparity between crack cocaine and powder cocaine offenses, raised the amount of crack cocaine that triggered a five year mandatory minimum sentence from five grams to twenty-eight grams.  See Fair

Sentencing Act of 2010, Pub. L. 111-220, § 2, 124 Stat. 2372, 2372 (2010).  Recognizing the need to connect the new mandatory minimum penalties with the Sentencing Guidelines, Section 8 of the Act vested the Sentencing Commission with emergency authority to: (1) promulgate the guidelines and policy statements as soon as practicable; and (2) make such conforming amendments to the Sentencing Guidelines as the Commission determined necessary to achieve consistency with other guideline provisions and applicable law.  United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011).  Thus, new Sentencing Guidelines implementing the 18:1 ratio went into effect on November 1, 2010.  Id.  On June 30, 2011, the Commission decided to apply the new guidelines retroactively to defendants sentenced before the Act's passage.  Id. at 198.  The Third Circuit thereafter held that the Act required the application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010, regardless of when the offense conduct occurred.  Id. at 203.

On November 16, 2010, before the court's decision in Dixon but after August 3, 2010, Mr. Greggs received the mandatory minimum sentence of 120 months' imprisonment, eight years of supervised release, a $2,000 fine, and a $200 special assessment.  See N.T. 11/15/10 at 16-19.  At that time, the 120 month sentence was based on a sixty month mandatory sentence for five grams or more of cocaine base pursuant to 21 U.S.C. § 841(b)(1)(B).  Because Mr. Greggs had previously been convicted of a felony drug offense in 2000, the government filed an information charging a prior offense pursuant to 21 U.S.C. § 851, which doubled the mandatory minimum to 120 months' imprisonment.  Id. at 6. Mr. Greggs argues that his sentence should be reduced from 120

months to sixty months in accordance with the Act.  See Document #78 at 6.

The relief Mr. Greggs seeks would be possible had he entered a guilty plea only to Count Two of the indictment.  Count Two charged him with the distribution of twenty-six grams of cocaine base which no longer carries a mandatory minimum under the Act.  The fact that he also pleaded guilty to Count Five, however, renders his requested relief unavailable.  Because the Act raised the amount of crack cocaine that triggered the mandatory minimum sentence to twenty-eight grams and Count Five involved the distribution of forty grams of crack cocaine, Mr. Griggs is still subject to the five year mandatory minimum sentence.  In addition, because of his prior felony drug conviction and the government's filing of the information, the mandatory minimum sentence is raised to 120 months.  See 21 U.S.C. § 841(b)(1)(B)(iii); see also 21 U.S.C. § 851.  Accordingly, Mr. Gregg's reliance on the amendments to the Sentencing Guidelines enacted pursuant to the Fair Sentencing Act of 2010 is misplaced.  Because he is still subject to a statutory mandatory minimum, changes to the Sentencing Guidelines have no effect on his sentence.

As a result, a hearing is not required and the defendant's § 2255 motion is denied, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  See Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989) (stating evidentiary hearing is unnecessary if the files and records show movant is not entitled to relief).

Upon the denial of a § 2255 motion, an appeal to the Court of Appeals is not permitted unless the petitioner obtains a certificate of appealability.  28 U.S.C. § 2253.

The law permits the issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to present a "substantial showing of a denial of any constitutional right" such that an appeal is justified, the mere allegation of a constitutional wrong is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996). To establish the required showing, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The claim must be constitutional in nature. There may be no certificate of appealability for an issue which presents only a statutory or sentencing guidelines question. United States v. Cepero, 224 F.3d 256, 262-268 (3d Cir. 2000). Mr. Greggs has not made the required showing of a denial of a constitutional right. I will deny the issuance of a certificate of appealability.

    An appropriate Order follows.